UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

\_\_\_ FILED      \_\_\_ ENTERED
\_\_\_ LOGGED     \_\_\_ RECEIVED

JUN 2 8 2011

AT BALTIMORE
CLERK, U.S. DISTRICT COURT
DISTRICT OF MARYLAND

BY ꞵCF                    DEPUTY

REBECCA MOORE

    Plaintiff,

V.                                          CIVIL ACTION NO. JKB 11 CV 1768

PRINCE-PARKER & ASSOCIATES, INC.

    Defendant.                               JUNE 15, 2011

## COMPLAINT

### I. INTRODUCTION

1. This is an action for actual and statutory damages brought by Plaintiff, as an individual consumer, against Defendant for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

### II. JURISDICTION

2. Jurisdiction of this court arises under 15 U.S.C. § 1692k (d) and 28 U.S.C. § 1337. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202. Venue in this District is proper in that the defendant transacts business here and the conduct complained of occurred in Maryland.

### III. PARTIES

3. Plaintiff is a natural person residing in the Town of Annapolis, County of Anne Arundel, and State of Maryland.

4. Defendant, is a foreign corporation engaged in the business of collecting debts in the State of Maryland with its principal place of business located at 8625 Crown Crescent Court, Charlotte, NC 28227, and is authorized to do business in Maryland. The principal purpose of Defendant business is the collection of debts in this State and Defendant regularly attempts to collect debts alleged to be due another.

5. Defendant is engaged in the collection of debts from consumers using the mail and telephone. Defendant regularly attempts to collect consumer debts alleged to be due to another. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

## IV. FACTUAL ALLEGATIONS

6. Plaintiff received a collection letter from the Defendant attempting to collect a disputed debt to AT&T Mobility.

7. Plaintiff previously disputed this debt numerous times with the original creditor.

8. Plaintiff called the office of the Defendant in an attempt to orally dispute this erroneous debt.

9. Defendant through their collection agent advised the Plaintiff that she could not dispute a debt and continued to collect the alleged debt by making a demand for payment.

10. The Plaintiff attached to this complaint Exhibit 1, which is a letter from the original creditor to the Plaintiff, dated May 31, 2010 stating the Plaintiff's account was suspended and the amount of the debt owed was $592.97.

11. The Plaintiff attaches to this complaint Exhibit 2, which is a letter from the Defendant dated August 23, 2010 attempting to collect from the Plaintiff $790.37.

12. The Defendant attempted to collect an additional $197.40 as a collection fee from the Plaintiff.

## V. CLAIM FOR RELIEF

13. Plaintiff repeats and realleges and incorporates by reference to the foregoing paragraphs.

14. Defendant violated the FDCPA including but not but not limited to, the following:

   (a) Violation of §1692e (2)(A) The false representation of "the character, amount, or legal status of any debt"

   (b) Violating §1692f (1) "A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: (1) The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

15. As a result of the foregoing violations of the FDCPA, Defendant is liable to the Plaintiff for declaratory judgment that Defendants conduct violated the FDCPA, actual damages, statutory damages, costs and attorney's fees.

WHEREFORE, Plaintiff respectfully requests that judgment is entered against Defendant for the following:

A. Declaratory judgment that Defendant's conduct violated the FDCPA;

B. Actual damages;

C. Statutory damages pursuant to 15 U.S.C. § 1692k;

D. Costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k (3).

E. For such other and further relief as the Court may deem just and proper.

THE PLAINTIFF

BY B. T. Kennedy
Bernard T. Kennedy, Esquire
The Kennedy Law Firm
P.O. Box 657
Edgewater, MD 21037
Ph  (443) 607-8901
Fax (443) 607-8903
Fed. Bar # Md26843
bernardtkennedy@yahoo.com